## UNION OIL CO. OF CALIFORNIA v. SPRADLEY.

### No. 20479.

District Court, W. D. Washington, N. D. April 24, 1931.

Plaintiff commenced action in the state court of Skagit county against the defendant on open account for $1,043.47, for sale of gasoline and oil, etc. In due course defendant appeared, admitted the sale to him, and by affirmative defense and cross-complaint prays judgment against plaintiff for $20,000, in subtance, for refusal to sell him gasoline, etc., and maliciously preventing the defendant from purchasing petroleum products from other wholesale dealers in and about Anacortes, the place of business of both parties, and that by the wrongful and malicious conduct of the plaintiff, defendant was compelled to cease business; that he had built up a large and profitable business of the value of $20,000, which was utterly destroyed.

Demand for jury trial by the defendant, and the answer and cross-complaint, were served February 2, 1931. February 14, following, petition for removal of the cause to this court was made and served upon the defendant, together with notice of filing petition and bond, and on setting forth, in substance, that an action was prosecuted by the plaintiff in the state court for the sum of $1,043.47, and that the defendant has, in his answer, set up a cross-complaint in the nature of an independent action arising out of unrelated facts and has prayed for relief against it in the sum of $20,000 less $1,043.47, alleges diversity of citizenship; that the defendant is, in effect, the plaintiff under a cross-complaint, and a resident of the state of Washington; that suit is of a civil nature and the amount sought by the cross-complaint is in excess of $3,000, and order of removal entered.

Defendant has moved to remand the cause for the reason that plaintiff voluntarily commenced the action in the state court; second, that it did not file petition for removal at or before the time when by the law and practice of the state court it was required to plead or answer to its cross-complaint.

Stratton & Kane, of Seattle, Wash., for plaintiff.

Stephen V. Carey, of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above).

Section 280, Rem. Comp. Stat. of Washington, volume 1, provides: "The court shall establish the rules prescribing the time in which pleadings subsequent to the complaint shall be filed."

Rule 3 of the General Rules of the Superior Court of the State of Washington, pursuant to section 280, supra, and article 4, § 24, of the Constitution of the State of Washington, provides: "(c) Unless a different time is fixed by statute or special rule or order of court, a party against whom a pleading is filed must respond thereto within three days from the time the same is served upon him, or service waived." No different time is fixed by statute.

I think it is obvious that there is only one action; the amount claimed in the complaint is not within the jurisdiction of this court. If the cross-complaint is properly in the case, placing in issue the jurisdictional amount, removal to this court was not within the required time; and if improperly pleaded, it is not in the case, and cannot confer jurisdiction on this court as an independent action. This court has no power to divide the cause, keeping tort in this jurisdiction and remanding contract to the state court, or to enter judgment on the contract.

The motion to remand is granted.